**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORMA RIVERA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    -v-<br><br>ENHANCED RECOVERY COMPANY, LLC and JOHN DOES 1-25,<br><br>        Defendant. | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, NORMA RIVERA (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC against Defendant ENHANCED RECOVERY COMPANY (hereinafter "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs brings this class action on behalf of a class of New Jersey consumers seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a is a collection agency with its principal office located at 8014 Bayberry Road, Jacksonville, Florida 32256 and two mailing addresses:  PO Box 23870, Jacksonville, Florida 32241-3870 and PO Box 1259, Dept. 98696, Oaks, Pennsylvania 19456.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter

"FRCP") Rule 23, individually and on behalf of the following New Jersey consumer class (the "Class"):

- All New Jersey consumers who were sent collection letters and/or notice from Defendant attempting to collect an obligation owed to or allegedly owed to DirectTV that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.   Whether Defendant violated various provisions of the FDCPA;

  b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

3

    c.       Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.       Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without

remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to January 13, 2015, an obligation was allegedly incurred to DirecTV.

15. The DirecTV obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged DirecTV obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. DirecTV is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the DirecTV debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

20. On or about January 13, 2015, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged DirecTV debt. *See* **Exhibit A.**

21. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Letter stated in part:

    "DirecTV has placed your previously disputed account with Enhanced Recovery Company, LLC.  As of the date of this notice, an investigation of your dispute has been completed and the account has been place with our office for resolution.  At this time, the balance of $144.45 is due in full, please contact one of our dispute resolution specialists at (800) 427-6618 to discuss your resolution options."

24. The Plaintiff, as would any least sophisticated consumer, read the above to read that the Defendant is assuming the debt is valid and the only option was to call one of ERC's dispute resolution specialist.

25. The back of the letter provided the validation notice as required by 15 USC §1692g. Included was a statement that "Unless you [the plaintiff] dispute the validity of this debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us."

26. It has been well established that a validation notice required by 15 USC § 1692g "must not be overshadowed or contradicted by accompanying messages from the debt collector." See *Wilson v. Quadramed Corp.,* 225 F.3d 350 (3d Cir. 2000).

27. To determine if the validation notice was "overshadowed or contradicted" we look to the least sophisticated debtor standard. *Id* at 354.

28. A validation notice is overshadowed and/or contradicted if it would make the least sophisticated consumer uncertain as to her rights.

29. The above statements would leave the least sophisticated consumer unsure as to whether the Defendant has already assumed the debt is valid making a dispute pointless or whether the Defendant will only assume the debt is valid after thirty days from receipt.

30. The above statement further would leave the least sophisticated consumer unsure as to whether he or she may call in with a dispute with the Defendant's "dispute resolution specialists" or whether the dispute must be in writing to be legally effective.

31. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts**.**

32. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

33. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

### <u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(10).

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

37. A Collection Letter is deceptive if "it can be reasonably read to have two or more different meanings, one of which is inaccurate," *Wilson*, 225 F.3d at 354.

38. The Defendant violated said section by stating language that would make the least

sophisticated consumer unsure of whether the consumer can call in to dispute the alleged debt in violation of 15 USC 1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 16  U.S.C. §1692g *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

42. Pursuant to 15 USC §1692g, a debt collector:

  (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
  (1) The amount of the debt;
  (2) The name of the creditor to whom the debt is owed;
  (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
  (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
  (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. The Defendant violated 1692g by overshadowing the validation notice by providing an alternative option to dispute a debt that is not in accordance with the statutory validation notice.

44. The instructions to call one of the Defendant's "dispute resolution specialists" to discuss resolution options, is confusing and would leave the least sophisticated consumer uncertain as to his or her option to effectively dispute a debt.

45. Furthermore, the Defendant violated 1692g by overshadowing the validation notice by stipulating that as of the date of this notice, January 13, 2015, the Plaintiff's dispute had been completed, thereby overshadowing the thirty (30) day validation notice.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 12, 2016                           */s/ Ari Marcus*_____

Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*


                                                  */s/ Yitzchak Zelman*_____

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  January 12, 2016                          */s/ Ari Marcus*_____

Ari Marcus, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 12, 2016                         _/s/ Ari Marcus_____
                                                Ari Marcus, Esq.